## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## HATTIESBURG DIVISION

MAURICE A. JOHNSON, #33122                                             PLAINTIFF

VERSUS                                       CIVIL ACTION NO. 2:10-cv-114-KS-MTP

CHIP BOX, et al.                                                      DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This cause is before the Court, *sua sponte*, for consideration of dismissal.  Plaintiff

Johnson, an inmate currently incarcerated in the South Mississippi Correctional Institution,

Leakesville, Mississippi, filed this civil rights complaint pursuant to 42 U.S.C. § 1983.  The

named Defendants are Chip Box, Decarlo Hood, Tammy Moore, Mark Denny, Jeremy Robb,

Joseph Humphrey, Justin Lewis, Jonathan Wildman and Scott Swartz.  Upon consideration of

Plaintiff's complaint the Court has reached the following conclusions.

### I.  Background

Plaintiff was arrested and charged with felony shoplifting and possession of

paraphernalia on July 14, 2006, by the Petal Police Department.  *Compl.* [1-5], p. 9.  Plaintiff

alleges that the named Defendants "pursued action as to arrest, detain and begin prosecution of

Plaintiff."  *Compl.* [1], p. 4.  Plaintiff further alleges that the Defendants "facilitated the action"

by the Mississippi Parole Board to revoke Plaintiff's parole by submitting perjured testimony to

the Grand Jury.  *Id*.  As a result, Plaintiff claims he was falsely arrested and his incarceration is

illegal.  *Id.*  This Court entered an order [6] on May 28, 2010, directing Plaintiff to provide more

information regarding the charges of felony shoplifting and the revocation of his parole.

Plaintiff filed a response [9] on June 18, 2010, in which he included the order by the Circuit

Court of Forrest County demonstrating that the felony shoplifting charge against him had been

passed to the inactive files. *Resp*. [9]. p. 9. However, Plaintiff's parole was revoked as a result

of his having been arrested and charged with a crime. *Compl.* [1], p. 4. The Plaintiff fails to

demonstrate that his parole revocation as a result of the felony shoplifting charge has been

invalidated, reversed or expunged. Plaintiff seeks monetary damages as relief. *Id.*

## II. Analysis

Title 28 U.S.C. Section 1915(e)(2)[1] "accords judges not only the authority to dismiss a

claim based on an indisputably meritless legal theory, but also the unusual power to pierce the

veil of the complaint's factual allegations and dismiss those claims whose factual contentions are

clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see also Denton v. Hernandez*,

504 U.S. 25, 32 (1992); and *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir.1994). "A district court

may dismiss an *in forma pauperis* proceeding as frivolous under 28 U.S.C. § 1915(d) whenever

it appears that the claim's realistic chance of ultimate success is slight or the claim has no

arguable basis in law or fact." *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 501

U.S. 1235 (1991). *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Parker v. Carpenter*, 978

F.2d 190, 191 n.1 (5th Cir. 1992); *Ancar v. Sara Plasma, Inc*., 964 F.2d 465, 468 (5th Cir. 1992);

*Henthorn v. Swinson*, 955 F.2d 351, 352 (5th Cir.), *cert. denied*, 504 U.S. 988 (1992). "[I]n an

action proceeding under Section 1915(d), [a federal court] may consider, *sua sponte*, affirmative

---

[1] Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

    (A) the allegation of poverty is untrue; or
    (B) the action or appeal--
        (i)      is frivolous or malicious;
        (ii)     fails to state a claim on which relief may be granted; or
        (iii)    seeks monetary relief against a defendant who is immune
               from such relief.

defenses that are apparent from the record even where they have not been addressed" or raised in

the pleadings on file. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is

authorized to test the proceeding for frivolousness or maliciousness even before service of

process or before the filing of the answer." *Id.* As discussed below, this action pursuant to 42

U.S.C. § 1983 fails to state a claim on which relief may be granted.

**A. Claims**

To the extent Plaintiff is seeking monetary damages, this Court finds that Plaintiff's

claims are precluded by the Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck*, the Court addressed whether a claim for monetary damages which essentially chal-

lenges Plaintiff's conviction or imprisonment is cognizable under 42 U.S.C. § 1983. The Court

held that such a claim is not cognizable under that statute:

> [I]n order to recover damages for allegedly unconstitutional conviction or
> imprisonment, or for other harm caused by actions whose unlawfulness would
> render a conviction or sentence invalid, a § 1983 plaintiff must prove that the
> conviction or sentence has been reversed on direct appeal, expunged by executive
> order, declared invalid by a state tribunal authorized to make such determination,
> or called into question by a federal court's issuance of a writ of habeas corpus, 28
> U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or
> sentence that has not been so invalidated is not cognizable under § 1983. Thus,
> when a state prisoner seeks damages in a § 1983 suit, the district court must
> consider whether a judgment in favor of the plaintiff would necessarily imply the
> invalidity of his conviction or sentence; if it would, the complaint must be
> dismissed unless the plaintiff can demonstrate that the conviction or sentence has
> already been invalidated.

*Id*. at 486-87 (footnotes omitted); *see also Boyd v. Biggers*, 31 F.3d 279, 284-85 (5th Cir. 1994).

If the Court were to find in Plaintiff's favor and determine that his constitutional rights

were violated by the Defendants' alleged actions relating to the revocation of his parole, it would

necessarily imply the invalidity of his current confinement. Thus, Plaintiff's claims for monetary

damages are barred by *Heck v. Humphrey*, at this time. In addition, the Plaintiff has failed to demonstrate that his parole revocation, conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 487. Therefore, Plaintiff's claim requesting monetary damages as a result of his alleged unlawful imprisonment cannot be maintained pursuant to 28 U.S.C. § 1983.

### B. Defendants

Additionally, even if the Plaintiff meets the *Heck* requirements in the future, he cannot maintain this action pursuant to 28 U.S.C. § 1983 against the following Defendants.

### 1. Defendant Hood

To the extent Plaintiff is requesting monetary damages from Defendant Hood, his claims are not properly pursued in this action. Defendant Hood as a District Attorney is absolutely immune from these claims for monetary damages. The Supreme Court has held that "the essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action." *Mitchell v. Forsyth*, 472 U.S. 511, 525 (1985). Therefore, it has been held that immunity is a threshold question, which should be resolved as early in the proceedings as possible. *See Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991). Absolute immunity extends to prosecutors who are performing prosecutorial acts. *Imbler v. Pachtman*, 424 U.S. 409 (1976). "[I]mmunity is justified and defined by the functions it protects and serves, not by the person to whom it attaches." *Forrester v. White*, 484 U.S. 219, 227 (1988). Plaintiff fails to provide any facts to establish that Defendant Hood's action or inaction is not directly related to prosecuting

4

the criminal case against Plaintiff.  As such, Plaintiff cannot maintain this § 1983 action against

Defendant Hood.

### 2.  Defendant Swartz

The record indicates that Defendant Swartz is a private citizen and was privately

employed as Plaintiff's defense attorney.  "In order to have a valid § 1983 claim, a Plaintiff must

prove that a state actor infringed on his constitutional rights." *Thornton v. Merchant,* 342 Fed.

Appx. 10, 12 (5th Cir. 2009) (citing *Johnson v. Housing Auth. of Jefferson Parish*, 442 F.3d 356,

359 (5th Cir. 2006)).  The mere fact that Defendant Swartz is an attorney who represented

Plaintiff does not establish that he was a state actor.  *Polk County v. Dodson,* 454 U.S. 312, 319

n.9, 325 (1981)*; see also Ranker v. Corrections Corp. Of America*, No. 09-cv-0038, 2009 WL

1793356, at *2 (W.D. La. June 19, 2009)(citing *Mills v. Criminal Dist. Court No. 3*, 837 F.2d

677, 678 (5th Cir. 1988)) ("private attorneys, even court-appointed attorneys, are not official

state actors, and generally are not subject to suit under section 1983").  As such, Plaintiff's claims

against Defendant Swartz are not cognizable under 42 U.S.C. § 1983.

### 3.  Defendant Box

Lastly, a § 1983 action cannot be maintain against Defendant Box, an employee of Wal-

Mart who reported an incident occurring in the store involving Plaintiff to the Petal Police

Department.  As aforementioned, in order for a Plaintiff to maintain a § 1983 action, he must

allege that he was deprived of a right "secured by the Constitution and the laws" of the United

States and that the person depriving Plaintiff of this right acted "under color of any statute" of

the State.  *Daniel v. Ferguson*, 839 F.2d 1124 (5th Cir. 1988).  As an employee of Wal-Mart,

Defendant Box was not acting "under color of any statute" of the State.  Accordingly, Plaintiff's

claims against Defendant Box cannot be maintained pursuant to 42 U.S.C. § 1983.

## III.  Conclusion

As discussed above, Plaintiff's claims under 42 U.S.C. § 1983 are barred.  Consequently,

this case will be dismissed for failure to state a claim upon which relief may be granted and

based on Defendant Hood's immunity, with prejudice, under 28 U.S.C. § 1915 (e)(2)(B)(ii-iii).[2]

Since this case shall be dismissed pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii-iii) it will be

counted as a "strike".[3]  If Plaintiff receives "three strikes" he will be denied *in forma pauperis*

status and will be required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion and Order will be

entered.  All pending motions are hereby terminated.

SO ORDERED, this the 13th  day of July, 2010.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE

---

[2]    "Plaintiff's claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

[3]    Title 28 Section 1915(g) states:

"[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."